IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENDY ALISON NORA, CHRISTOPHER KING
and ROGER PETER RINALDI,

                              Plaintiffs,                        ORDER

    v.

                                                                  19-cv-3-wmc

STATE OF WISCONSIN,
WISCONSIN SUPREME COURT,
PATIENCE D. ROGGENSACK,
WISCONSIN OFFICE OF LAWYER REGULATION,
KEITH SELLEN, TRAVIS J. STIEREN,
ROBERT J. KASIETA, THERON EDWARD
PARSONS, IV, EDWARD A. HANNAN,
JAMES J. WINIARSKI, MARK W. RATTAN,
LITCHFIELD CAVO, LLP, STEPHANIE L.
DYKEMAN, WELLS FARGO BANK, N.A.
and BRAD SCHIMEL,

                              Defendants.

---

A telephonic status conference was held on January 18, 2019, in the above-captioned matter. Plaintiffs Wendy Alison Nora, Christopher King and Roger Rinaldi all appeared *pro se*; defendants State of Wisconsin, Wisconsin Supreme Court, Patience D. Roggensack appeared specially by David C. Rice; defendants Wisconsin Office Of Lawyer Regulation, Keith Sellen, Travis J. Stieren, Robert J. Kasieta, Theron Edward Parsons, IV, Edward A. Hannan and James J. Winiarski (collectively, the "OLR defendants") appeared by David C. Rice; defendants Mark W. Rattan, Litchfield Cavo, LLP and Stephanie L. Dykeman (collectively, the "Litchfield Cavo defendants") appeared by Terry E. Johnson; and defendant Wells Fargo Bank, N.A appeared by Joel H. Spitz. As detailed below, the court addressed questions regarding its jurisdiction based on the removal petition of the Litchfield Cavo defendants, granted Nora's preliminary disqualification motion, severed

the remaining plaintiffs' respective claims, and outlined an appropriate briefing schedule.

I.  Jurisdiction

As for the court's concern about its jurisdiction, the removal procedure specifies a "defendant shall have 30 days after receipt by or service on that defendant of the *initial* pleading or summons . . . to file the notice of removal."  28 U.S.C. § 1446(b)(2)(B) (emphasis added).  Defendants Rattan, Dykeman and Litchfield Cavo filed their notice of removal within thirty days of their receipt of the first amended complaint on December 9, 2018, although they still dispute the adequacy of service.  There is no dispute that by that time more than thirty days had lapsed since the service of the initial complaint on the original OLR defendants.  Attorney Johnson may have until January 25 to brief whether removal was timely based on the Litchfield Cavo defendants' receipt of the first amended complaint.

Plaintiff Nora also raised an objection, contending that defendants who object to service lack standing to seek removal.  Although that seems a silly objection since § 1446(b)(2)(B) is triggered by *either* "receipt by or service on" a defendant, she and the other plaintiffs may each have until January 25 to address whether defendants properly removed this action to federal court.

II. Recusal

Shortly before the hearing, Nora filed a motion seeking to disqualify me from presiding over this case.  (Dkt. #10.)  Specifically, Nora argues that my "impartiality is more than reasonably questioned"; that I am "actually bias[ed] and prejudice[d] against" her; and that I have "personal knowledge of disputed facts involving the use of false claims

2

and pleadings." (Dkt. #11 at 1.) Accordingly, she considers me a possible "material witness in these proceedings." (*Id.*) She also alleges that I have expressed opinions on the merits of this case in prior proceedings, including the Lisse case and Rinaldi's prior case. (Dkt. #10 at 4.) Finally, she reserves the right to find a financial conflict of interest. (Dkt. #11 at 1-2.)[1]

I can discern no meritorious factual or legal grounds for my recusal based on actual or an appearance of prejudice. As for the issue Nora raises concerning past financial holdings in Wells Fargo Bank, N.A., any past holdings were de minimis by any reasonable measure, and more importantly, I have not owned any of that stock for a number of years, nor have I had any personal banking or investment relationship with a Wells Fargo entity for many years. Virtually all of the other identified grounds for recusal are based on remarks and rulings made during the ordinary course of judicial or disciplinary proceedings involving Attorney Nora or her clients, which she acknowledges are not grounds for recusal save extraordinary circumstances. In my view, there are no such circumstances even arguably present here. Nora's claim of an "appearance" of bias seems to lack merit for similar reasons. Likewise, I have no prejudice or bias against Ms. Nora as a person or attorney, notwithstanding my previously expressed disappointment in some of her conduct and judgments in previous lawsuits.

Still, it is clear that she thinks otherwise, and I will grant her motion and sever her case, which has the added benefit of avoiding any questions as to her unintentionally acting

---

[1] Nora also notes that as styled, her current motion is not complete because she has "residual visual difficulties" from a head injury in January 2017, necessitating accommodations under the ADA. (Dkt. #11 at 2.) She also complains that I somehow made it "impossible" for her to get the accommodations she needs. (Dkt. #10 at 7.)

as counsel for the other *pro se* plaintiffs. The court will, therefore, sever and direct the clerk's office to reassign her claims.

**III. Severance of Remaining Plaintiffs' Claims and Pleading Obligations**

Turning to the claims of plaintiffs Rinaldi and King, there appears to be no meaningful factual or legal overlap. While King objected that their First Amendment claims all stem from their dissatisfaction with Nora's treatment by various state and federal courts and regulatory bodies, that minimal overlap is not sufficient to justify keeping their principal claims together, particularly in light of the efficiencies achieved through severance, the many claims at issue, the many defendants named and the real possibility that at least plaintiff Rinaldi's claims may be subject to remand on jurisdictional grounds. Accordingly, Rinaldi's case will keep this case number, while King's case will be assigned a new one.

To further aid in the "just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1, Rinaldi was directed to file an amended complaint that would clearly specify which defendants and claims he was pursuing by February 1. Defendants who are named in his amended complaint may have ten days from service to file an answer, move, or otherwise respond, except for the Litchfield Cavo defendants, whose motion to dismiss for lack of service will remain pending absent new service. As to defendant Wells Fargo Bank, if it plans to object to service of the current complaint, it must file a motion to dismiss on this basis by January 25. Additionally, should Rinaldi's amended complaint only contain state-law claims, the court will *sua sponte* remand his case to state court, absent an objection by any remaining party within three (3) days of receipt. Of course, any party

4

may also move to remand, if done timely.

As for plaintiff King, his claims alleged in the first amended complaint are more easily understandable than in the proposed second amended complaint attached to a motion for leave to file, which the court denied. As to his claims against the OLR defendants, the State of Wisconsin, the Wisconsin Supreme Court, Chief Justice Roggensack, and the attorney general, those defendants may have until February 1 to answer, move or otherwise respond to the extent they have been adequately served. While King agreed on the record that he had no claim against Wells Fargo, he has since filed a "notice of errata/60b motion" concerning that statement. (Dkt. #17.) Wells Fargo may have until February 1 to respond. If at a later point King believes he needs to amend his complaint, he may seek leave of court to do so.

Finally, as to the motion to dismiss for improper service and misleading summons filed on behalf of the Litchfield Cavo defendants, plaintiffs may have until February 1 to respond. Defendants may then have seven days to reply.

ORDER

IT IS ORDERED that:

1) Attorney Johnson shall have until January 25, 2019, to address whether removal of the original action was timely. Plaintiffs may have seven days to respond.

2) Plaintiffs may have until January 25, 2019, to address whether defendants' removal is barred by their assertion of inadequate service.

3) The clerk's office is directed to SEVER the plaintiff's claims into three separate cases, with Rinaldi remaining the sole plaintiff in case no. 19-cv-3; Nora's case being assigned a new number and reassigned to a different judge; and King's case being assigned a new number. When new case numbers are formally assigned, the clerk's office shall promptly notify the affected parties.

4) When the clerk's office assigns new case numbers to the claims of Nora and King, the following entries should be imported to both cases: the notice of removal and its attachments (dkt. #2), Litchfield Cavo's corporate disclosure statement (dkt. #3), Wells Fargo's notice of consent to removal (dkt. #4), Rice's notice of appearance (dkt. #5), the OLR defendants' consent to removal (dkt. #6), the motion to stay and for a status conference and the text-only order granting it (dkt. ##7-8), the acknowledgement of receipt of the Dane County Circuit Court's record (dkt. #9), the Jan. 18, 2019 unnumbered minute entry, and this order. Nora's motion to disqualify and associated filings (dkt. ##10-13, 16) and Nora's letter to Clerk Oppeneer (dkt. #15) should be imported to her new case only. King's motion for reconsideration (dkt. #17) should be imported to his new case only.

5) Rinaldi may have until February 1, 2019, to file an amended complaint detailing the claims he intends to pursue under this case number.

6) Should it so choose, Wells Fargo may have until January 25, 2019, to move to dismiss Rinaldi's case based on improper service of process.

7) Absent perfection of service to their satisfaction, Rinaldi and King may have until February 1, 2019, to respond to the pending motion to dismiss filed by the Litchfield Cavo defendants. These defendants may have seven days to file a reply on this motion.

8) Wells Fargo may have until February 1 to respond to King's "notice of errata/60b motion."

9) The OLR defendants, the State of Wisconsin, Wisconsin Supreme Court, Chief Justice Roggensack, and the attorney general, those defendants may have until February 1 to answer, move or otherwise respond to the extent they have been adequately served

10) The previous deadlines apply in Nora's severed case pending reassignment to a new judge.

Entered this 22nd day of January, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge