IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER PETER RINALDI,

          Plaintiff,                                            ORDER

    v.

                                                     19-cv-3-wmc

STATE OF WISCONSIN, et al.,

          Defendants.

---

CHRISTOPHER KING,

          Plaintiff,                                            ORDER

    v.

                                                   19-cv-63-wmc

STATE OF WISCONSIN, et al.,

          Defendants.

---

I am in receipt of an objection improperly filed by Ms. Nora in case numbers 19-cv-3 and 19-cv-63, now before me, as well as in her own, separate case before Judge Peterson, 19-cv-62-jdp (dkt. #20). Obviously, Judge Peterson will address her objection in that case. As for her filing an objection in either of the other cases (19-cv-3, dkt. ##22-24; 19-cv-63, dkt. #20), she is no longer a party, and since she is not currently a member of the State Bar of Wisconsin or this court, she cannot represent a remaining party. Accordingly, those objections are DENIED for lack of standing.

Further, it has come to the court's attention that Ms. Nora has added herself to case numbers 19-cv-3 and 19-cv-63 as an "Interested Party," ostensibly so she can continue filing documents and keep track of the cases' progress. The first reason is inappropriate.

Nora is not a party to either of these cases, and has protested the appropriateness of my presiding over a case in which she is a participant. The second is more understandable, but may be achieved through other means: either by using PACER as a general member of the public or by using ECF's case-specific notification settings. If she does not know how to set up ECF's case-specific notifications, the clerk's office would be happy to assist. Regardless, following her receipt of this Order, the clerk's office is directed to remove her as an "Interested Party" in case Nos. 19-cv-3 and 19-cv-63.

Additionally, the court is in receipt of the Litchfield defendants' supplemental brief addressing "whether later-served defendants may remove a state action to federal court when the statutory time frame for the earlier-served defendants to do so has expired" (19-cv-3, dkt. #19; 19-cv-63, dkt. #19), which unfortunately wholly fails to address the concern raised by the court during the telephonic status conference. Accordingly, the Litchfield defendants may have until February 8 to address whether their receipt of the first amended complaint -- *not* the initial complaint -- permits timely removal. *See* 28 U.S.C. § 1446(b)(2)(B) (providing that a "defendant shall have 30 days after receipt by or service on that defendant of the *initial* pleading or summons . . . to file the notice of removal" (emphasis added)). King and Rinaldi may then have seven days to respond.

Entered this 1st day of February, 2019.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge