IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER PETER RINALDI,

                Plaintiff,

    v.

STATE OF WISCONSIN,
WISCONSIN SUPREME COURT,
PATIENCE D. ROGGENSACK,
WISCONSIN OFFICE OF LAWYER REGULATION,          ORDER
KEITH SELLEN, TRAVIS J. STIEREN,
ROBERT J. KASIETA,                               19-cv-3-jdp
THERON EDWARD PARSONS, IV,
EDWARD A. HANNAN, JAMES J. WINIARSKI,
MARK W. RATTAN, LITCHFIELD CAVO, LLP,
STEPHANIE L. DYKEMAN,
WELLS FARGO BANK, N.A., and BRAD SCHIMEL,

                Defendants.

---

The nominal plaintiff in this case is Roger Peter Rinaldi, who alleged that lawyers admitted to the Wisconsin bar are involved in a conspiracy to allow mortgage lenders or servicers to use fabricated documents to foreclose upon homeowners such as Rinaldi and his wife. Rinaldi claims to have transferred his interest in his claims in this lawsuit to former co-plaintiff Wendy Alison Nora, who then litigated Rinaldi's claims before I dismissed the case.[1] Dkt. 102. Currently before the court is Nora's motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment entered in defendants' favor. Dkt. 104.

---

[1] As I previously stated, Rinaldi's transfer of his interest in his claims is an attempt to circumvent the suspension of Nora practicing law in this court. *See* Dkt. 102, at 5–6. It's unnecessary to litigate the validity of the transfer in connection with this case because Rinaldi's claims and Nora's Rule 59 motion are meritless. Nora's Wisconsin law license was recently suspended by the Wisconsin Supreme Court for a period of two years, in part for Nora's actions in representing the Rinaldis in proceedings prior to this lawsuit. *See In the Matter of Disciplinary Proceedings Against Wendy Alison Nora, Attorney at Law*, No. 2015AP2442-D, 2020 WI 70. The

Rinaldi was part of a lawsuit filed jointly by him, his lawyer Nora, and a video journalist named Christopher King. Together they alleged that when homeowners complained to the state's Office of Lawyer Regulation (OLR), staff wouldn't investigate those claims because they were part of the conspiracy to conceal rampant fabrication of documents in foreclosure proceedings. Instead, OLR investigated Nora, which resulted in her suspension from the Wisconsin bar. King says that when he attended one of Nora's disciplinary hearings to record it, he was physically assaulted by a mortgage servicer's lawyer. Their lawsuit was removed to this court from the circuit court for Dane County, Wisconsin and the individual plaintiffs' claims were severed from each other's by District Judge William M. Conley before he recused himself in Rinaldi's case.

I then dismissed Rinaldi's case because he failed to state a plausible claim for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) or the Wisconsin Organized Crime Control Act (WOCCA), and because he didn't plausibly allege any harm to himself other than the foreclosure of his property, which had already been ruled valid in state court litigation and was an issue I was barred from reconsidering under the doctrine of issue preclusion. Dkt. 102, at 6–10. Rule 59(e) permits a court to amend a judgment only if the moving party demonstrates a manifest error of law or fact or presents newly discovered evidence. *See, e.g., Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). Nora fails to demonstrate either of those things here, so I'll deny her motion.

Nora says that I was incorrect in considering a document she called an "objection" to Judge Conley's January 23, 2019 order as a motion for reconsideration of that order, and that

---

suspension of Nora's privilege to practice in this district is automatic. The court will enter a separate order regarding discipline to be imposed on Nora.

she filed that objection in Rinaldi's case for informational purposes only (she filed it in her own case and King's case as well). In treating the document as a motion for reconsideration I understood that Nora did not intend the document to be a motion in Rinaldi's case, but I stated, "Nonetheless, I will consider some of the issues Nora raises in the filing, because if I were to void any of Judge Conley's earlier rulings [in Nora's case], it might affect Rinaldi's case." Dkt. 102, at 4–5. In any event, I denied the motion for reconsideration, and Nora does not challenge the substance of those rulings in her Rule 59 motion. So there is no error warranting amendment of the judgment.

Prior to the case's dismissal, groups of defendants had filed several motions to dismiss. Nora wants to know which of the defendants' arguments I agreed with in dismissing the case: she contends that "it is unknown what the grounds were for such unidentified party's unspecified Motion to Dismiss upon which the District Court dismissed the First Amended Complaint in this action," Dkt. 104, at 3. But I explicitly stated that I "retain the inherent authority to dismiss cases sua sponte." Dkt. 102, at 6 (citing, among other cases, *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision")). I also stated that "it is unnecessary to consider all of the arguments raised by defendants in their various motions" and that "[o]n my own motion, I will dismiss all of Rinaldi's claims because of several glaring problems with his allegations." *Id.*

Nora also contends that I ignored the joint plaintiffs' pending motion for leave to file a second amended complaint, *id.* at 5, and she contends that I did not articulate any reasoning in dismissing the case, *id.* at 6. Nora is incorrect about both of those points. I noted that the

then-joint plaintiffs had filed a proposed second amended complaint that was still pending when Judge Conley severed the individual plaintiffs' cases, and I considered Rinaldi's allegations in both the operative first amended complaint and the proposed second amended complaint before dismissing the case for his failure to state any plausible claims for relief. Dkt. 102, at 6–10. Nora asks me to articulate the grounds for my dismissal of Rinaldi's claims, going so far to include a "motion for findings" under Federal Rule of Civil Procedure 52(a)(5), although she concedes that this rule does not apply to an order at the motion-to-dismiss stage.

Regardless, my reasoning for dismissing the case is in my opinion: neither of Rinaldi's amended complaints included allegations plausibly supporting his extraordinary theory that state OLR officials, mortgage servicers, and the servicers' lawyers conspired to conceal fabrication of mortgage documents and other evidence. His claims were also barred by the doctrine of issue preclusion, because state and federal courts had already concluded that his foreclosure was not fraudulent. And he did not have standing to pursue claims about OLR's investigations or about OLR staff's conduct in disciplinary proceedings against Nora. Nora does not raise a substantive objection to my reasoning, and so she has failed to demonstrate a manifest error of law. I will deny her Rule 59 motion.

ORDER

IT IS ORDERED that plaintiff Wendy Alison Nora's motion to alter or amend judgment, Dkt. 104, is DENIED.

Entered August 24, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

5