IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| IN RE: DISCIPLINE OF ATTORNEY WENDY ALISON NORA | ORDER |

---

This order concerns discipline against Attorney Wendy Alison Nora in her capacities as a lawyer and as a pro se litigant.

The court previously sanctioned Nora by fining her $2,500 and suspending her from practice in the Western District of Wisconsin for a period of six months. These penalties were ordered stayed unless Nora submitted a further sanctionable filing. *See Lisse v. HSBC Bank USA*, No. 16-cv-617-wmc, Dkt. 88 (W.D. Wis. Mar. 20, 2018).

Shortly after, on March 30, 2018, the Wisconsin Supreme Court issued a final decision in a disciplinary proceeding against Nora. *In the Matter of Disciplinary Proceedings Against Wendy Alison Nora, Attorney at Law*, No. 2013AP653-D, 2018 WI 23. The court suspended Nora's law license for one year, effective April 30, 2018. Under this court's Local Rule 1.E.1., the discipline imposed by the Wisconsin Supreme Court was automatically effective in this court. This court's order memorializing Nora's reciprocal suspension stated that the March 20, 2018 sanctions order would continue in effect following any reinstatement of Nora's right to practice before this court. *In re: Discipline of Attorney Wendy Alison Nora*, slip op. at 2 (W.D. Wis. April 13, 2018), available at Dkt. 90 in the '617 case.

Nora's right to practice law has yet again been suspended by the Wisconsin Supreme Court. *In the Matter of Disciplinary Proceedings Against Wendy Alison Nora, Attorney at Law*, No. 2015AP2442-D, 2020 WI 70. The court suspended Nora's law license for two years,

effective April 1, 2020. As with Nora's previous suspension, her two-year suspension is automatically effective in this court.

Nora has committed further misconduct in this court since the March 20, 2018 order, which gives the court reason to revisit the stayed sanctions against Nora. Notwithstanding her suspension as a lawyer, Nora proceeded as one of three plaintiffs in a case that was removed to this court and assigned Case No. 19-cv-3, subsequently captioned as *Rinaldi v. State of Wisconsin*. The claims of the three plaintiffs were severed into separate cases. In her case, No. 19-cv-62-jdp, Nora pressed frivolous claims that lawyers admitted to the Wisconsin bar were involved in a conspiracy to allow mortgage lenders or servicers to use fabricated documents to foreclose upon homeowners, with the state's Office of Lawyer Regulation joining the conspiracy by choosing not to investigate those misdeeds, but instead investigating the lawyers, like Nora, who represented homeowners. The court dismissed the bulk of Nora's severed case as frivolous. *See* Dkt. 92 in Case No. 19-cv-62-jdp. The remaining parties eventually stipulated to remand the case to state court. Dkt. 101 in Case No. 19-cv-62-jdp.

Nora's conduct in the *Rinaldi* litigation warrants a further sanction. Nora could not represent her co-plaintiffs because of her suspension to practice in this court. Instead, one of her co-plaintiffs, Roger Rinaldi, purported to transfer his interest in his claims to Nora. The court dismissed the *Rinaldi* case without specifically addressing the propriety of the transfer because the underlying conspiracy claims were frivolous. *Rinaldi v. Wisconsin*, No. 19-cv-3-jdp, 2019 WL 3802465 (W.D. Wis. Aug. 13, 2019). But the court noted that the assignment of the claims to Nora was a blatant attempt to circumvent Nora's suspension. And in the third co-plaintiff's case—to which Nora was not a party—Nora repeatedly littered the docket with documents labeled as "for informational purposes" even after District Judge William Conley

made clear that it was inappropriate for her do to so. *See King v. Wisconsin*, No. 19-cv-63-wmc, Dkt. 32 (W.D. Wis. Feb. 1, 2019).[1]

Although Nora purported to be operating pro se in the *Rinaldi* case, that was a sham, and her abusive litigation conduct has continued even after the 2018 suspension of her law license in Wisconsin and after this court's previous sanction order. The court concludes that it is appropriate to lift the stay of the sanctions issued in the '617 case. Accordingly, in addition to her reciprocal two-year suspension, pursuant to the terms of the March 20, 2018 order, Nora will be suspended from practicing in the District or Bankruptcy Courts for the Western District of Wisconsin for six months following reinstatement of her Wisconsin license. She will also be fined $2,500. Failure to pay that fine may result in further sanctions.

Because Nora's misconduct is not limited to her work as an attorney but includes her efforts as a pro se litigant, the court will also bar Nora from filing her own civil cases for the next two years. The bar on her pro se filings would not apply to any petition for a writ of habeas corpus.

ORDER

IT IS ORDERED that:

1. Attorney Wendy Alison Nora is fined $2,500 and she is suspended from practice in this district until (1) the day her license to practice law in Wisconsin is restored, plus six additional months; or (2) until she successfully petitions the chief judge to modify or vacate this order.

---

[1] Nora's misconduct also continued in the Court of Appeals. The Court of Appeals for the Seventh Circuit unstayed its previously assessed monetary sanction against Nora after she filed frivolous appeals and engaged in "meritless and dilatory" motion practice. *Matter of Lisse*, 921 F.3d 629, 644–45 (7th Cir. 2019).

2. Nora is barred from filing civil lawsuits, with the exception of petitions for writs of habeas corpus, in this court for a period of two years.

Entered August 26, 2020.

                                      BY THE COURT:
                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      Chief District Judge