United States District Court for the Western
District of Wisconsin
Case No. 19-cv-00003

| | |
|---|---|
| Wendy Alison Nora, successor by assignment from Roger Peter Rinaldi, Plaintiff, v. State of Wisconsin, et al, Defendants. | NOTICE OF APPEAL |

Notice is hereby given that Wendy Alison Nora, successor by assignment from Roger Peter Rinaldi, Plaintiff, in the above named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the orders entered in this action on the 24th and 26th days of August, 2020. The Orders from which this appeal is taken are attached hereto as Exhibits 1 and 2, respectively.

Dated at Madison, Wisconsin this 23rd day of September, 2020.

*[signature]*
Wendy Alison Nora*
ACCESS LEGAL SERVICES, LLC**
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
VOICE (612) 333-4144
FAX (612) 206-3170
accesslegalservices@gmail.com

\* Not admitted to practice law in Minnesota or Wisconsin
Admitted to practice before the United States Supreme Court only
\*\*Providing research, investigative, technical,
document and filing services upon the request
of and at the direction of qualified attorneys in
all U.S. states, except the State of Wisconsin

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER PETER RINALDI,

                Plaintiff,

v.

STATE OF WISCONSIN,
WISCONSIN SUPREME COURT,
PATIENCE D. ROGGENSACK,
WISCONSIN OFFICE OF LAWYER REGULATION,
KEITH SELLEN, TRAVIS J. STIEREN,
ROBERT J. KASIETA,
THERON EDWARD PARSONS, IV,
EDWARD A. HANNAN, JAMES J. WINIARSKI,
MARK W. RATTAN, LITCHFIELD CAVO, LLP,
STEPHANIE L. DYKEMAN,
WELLS FARGO BANK, N.A., and BRAD SCHIMEL,

                Defendants.

ORDER

19-cv-3-jdp

---

The nominal plaintiff in this case is Roger Peter Rinaldi, who alleged that lawyers admitted to the Wisconsin bar are involved in a conspiracy to allow mortgage lenders or servicers to use fabricated documents to foreclose upon homeowners such as Rinaldi and his wife. Rinaldi claims to have transferred his interest in his claims in this lawsuit to former co-plaintiff Wendy Alison Nora, who then litigated Rinaldi's claims before I dismissed the case.[1] Dkt. 102. Currently before the court is Nora's motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment entered in defendants' favor. Dkt. 104.

---

[1] As I previously stated, Rinaldi's transfer of his interest in his claims is an attempt to circumvent the suspension of Nora practicing law in this court. *See* Dkt. 102, at 5–6. It's unnecessary to litigate the validity of the transfer in connection with this case because Rinaldi's claims and Nora's Rule 59 motion are meritless. Nora's Wisconsin law license was recently suspended by the Wisconsin Supreme Court for a period of two years, in part for Nora's actions in representing the Rinaldis in proceedings prior to this lawsuit. *See In the Matter of Disciplinary Proceedings Against Wendy Alison Nora, Attorney at Law*, No. 2015AP2442-D, 2020 WI 70. The

Rinaldi was part of a lawsuit filed jointly by him, his lawyer Nora, and a video journalist named Christopher King. Together they alleged that when homeowners complained to the state's Office of Lawyer Regulation (OLR), staff wouldn't investigate those claims because they were part of the conspiracy to conceal rampant fabrication of documents in foreclosure proceedings. Instead, OLR investigated Nora, which resulted in her suspension from the Wisconsin bar. King says that when he attended one of Nora's disciplinary hearings to record it, he was physically assaulted by a mortgage servicer's lawyer. Their lawsuit was removed to this court from the circuit court for Dane County, Wisconsin and the individual plaintiffs' claims were severed from each other's by District Judge William M. Conley before he recused himself in Rinaldi's case.

I then dismissed Rinaldi's case because he failed to state a plausible claim for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) or the Wisconsin Organized Crime Control Act (WOCCA), and because he didn't plausibly allege any harm to himself other than the foreclosure of his property, which had already been ruled valid in state court litigation and was an issue I was barred from reconsidering under the doctrine of issue preclusion. Dkt. 102, at 6–10. Rule 59(e) permits a court to amend a judgment only if the moving party demonstrates a manifest error of law or fact or presents newly discovered evidence. *See, e.g., Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). Nora fails to demonstrate either of those things here, so I'll deny her motion.

Nora says that I was incorrect in considering a document she called an "objection" to Judge Conley's January 23, 2019 order as a motion for reconsideration of that order, and that

---

suspension of Nora's privilege to practice in this district is automatic. The court will enter a separate order regarding discipline to be imposed on Nora.

2

she filed that objection in Rinaldi's case for informational purposes only (she filed it in her own case and King's case as well). In treating the document as a motion for reconsideration I understood that Nora did not intend the document to be a motion in Rinaldi's case, but I stated, "Nonetheless, I will consider some of the issues Nora raises in the filing, because if I were to void any of Judge Conley's earlier rulings [in Nora's case], it might affect Rinaldi's case." Dkt. 102, at 4–5. In any event, I denied the motion for reconsideration, and Nora does not challenge the substance of those rulings in her Rule 59 motion. So there is no error warranting amendment of the judgment.

Prior to the case's dismissal, groups of defendants had filed several motions to dismiss. Nora wants to know which of the defendants' arguments I agreed with in dismissing the case: she contends that "it is unknown what the grounds were for such unidentified party's unspecified Motion to Dismiss upon which the District Court dismissed the First Amended Complaint in this action," Dkt. 104, at 3. But I explicitly stated that I "retain the inherent authority to dismiss cases sua sponte." Dkt. 102, at 6 (citing, among other cases, *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision")). I also stated that "it is unnecessary to consider all of the arguments raised by defendants in their various motions" and that "[o]n my own motion, I will dismiss all of Rinaldi's claims because of several glaring problems with his allegations." *Id.*

Nora also contends that I ignored the joint plaintiffs' pending motion for leave to file a second amended complaint, *id.* at 5, and she contends that I did not articulate any reasoning in dismissing the case, *id.* at 6. Nora is incorrect about both of those points. I noted that the

3

then-joint plaintiffs had filed a proposed second amended complaint that was still pending when Judge Conley severed the individual plaintiffs' cases, and I considered Rinaldi's allegations in both the operative first amended complaint and the proposed second amended complaint before dismissing the case for his failure to state any plausible claims for relief. Dkt. 102, at 6–10. Nora asks me to articulate the grounds for my dismissal of Rinaldi's claims, going so far to include a "motion for findings" under Federal Rule of Civil Procedure 52(a)(5), although she concedes that this rule does not apply to an order at the motion-to-dismiss stage.

Regardless, my reasoning for dismissing the case is in my opinion: neither of Rinaldi's amended complaints included allegations plausibly supporting his extraordinary theory that state OLR officials, mortgage servicers, and the servicers' lawyers conspired to conceal fabrication of mortgage documents and other evidence. His claims were also barred by the doctrine of issue preclusion, because state and federal courts had already concluded that his foreclosure was not fraudulent. And he did not have standing to pursue claims about OLR's investigations or about OLR staff's conduct in disciplinary proceedings against Nora. Nora does not raise a substantive objection to my reasoning, and so she has failed to demonstrate a manifest error of law. I will deny her Rule 59 motion.

ORDER

IT IS ORDERED that plaintiff Wendy Alison Nora's motion to alter or amend judgment, Dkt. 104, is DENIED.

Entered August 24, 2020.

                                  BY THE COURT:

                                  /s/

                                _____
                                JAMES D. PETERSON
                                District Judge

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IN RE: DISCIPLINE OF ATTORNEY
WENDY ALISON NORA

ORDER

---

This order concerns discipline against Attorney Wendy Alison Nora in her capacities as a lawyer and as a pro se litigant.

The court previously sanctioned Nora by fining her $2,500 and suspending her from practice in the Western District of Wisconsin for a period of six months. These penalties were ordered stayed unless Nora submitted a further sanctionable filing. *See Lisse v. HSBC Bank USA*, No. 16-cv-617-wmc, Dkt. 88 (W.D. Wis. Mar. 20, 2018).

Shortly after, on March 30, 2018, the Wisconsin Supreme Court issued a final decision in a disciplinary proceeding against Nora. *In the Matter of Disciplinary Proceedings Against Wendy Alison Nora, Attorney at Law*, No. 2013AP653-D, 2018 WI 23. The court suspended Nora's law license for one year, effective April 30, 2018. Under this court's Local Rule 1.E.1., the discipline imposed by the Wisconsin Supreme Court was automatically effective in this court. This court's order memorializing Nora's reciprocal suspension stated that the March 20, 2018 sanctions order would continue in effect following any reinstatement of Nora's right to practice before this court. *In re: Discipline of Attorney Wendy Alison Nora*, slip op. at 2 (W.D. Wis. April 13, 2018), available at Dkt. 90 in the '617 case.

Nora's right to practice law has yet again been suspended by the Wisconsin Supreme Court. *In the Matter of Disciplinary Proceedings Against Wendy Alison Nora, Attorney at Law*, No. 2015AP2442-D, 2020 WI 70. The court suspended Nora's law license for two years,

effective April 1, 2020. As with Nora's previous suspension, her two-year suspension is automatically effective in this court.

Nora has committed further misconduct in this court since the March 20, 2018 order, which gives the court reason to revisit the stayed sanctions against Nora. Notwithstanding her suspension as a lawyer, Nora proceeded as one of three plaintiffs in a case that was removed to this court and assigned Case No. 19-cv-3, subsequently captioned as *Rinaldi v. State of Wisconsin*. The claims of the three plaintiffs were severed into separate cases. In her case, No. 19-cv-62-jdp, Nora pressed frivolous claims that lawyers admitted to the Wisconsin bar were involved in a conspiracy to allow mortgage lenders or servicers to use fabricated documents to foreclose upon homeowners, with the state's Office of Lawyer Regulation joining the conspiracy by choosing not to investigate those misdeeds, but instead investigating the lawyers, like Nora, who represented homeowners. The court dismissed the bulk of Nora's severed case as frivolous. *See* Dkt. 92 in Case No. 19-cv-62-jdp. The remaining parties eventually stipulated to remand the case to state court. Dkt. 101 in Case No. 19-cv-62-jdp.

Nora's conduct in the *Rinaldi* litigation warrants a further sanction. Nora could not represent her co-plaintiffs because of her suspension to practice in this court. Instead, one of her co-plaintiffs, Roger Rinaldi, purported to transfer his interest in his claims to Nora. The court dismissed the *Rinaldi* case without specifically addressing the propriety of the transfer because the underlying conspiracy claims were frivolous. *Rinaldi v. Wisconsin*, No. 19-cv-3-jdp, 2019 WL 3802465 (W.D. Wis. Aug. 13, 2019). But the court noted that the assignment of the claims to Nora was a blatant attempt to circumvent Nora's suspension. And in the third co-plaintiff's case—to which Nora was not a party—Nora repeatedly littered the docket with documents labeled as "for informational purposes" even after District Judge William Conley

2

made clear that it was inappropriate for her do to so. *See King v. Wisconsin*, No. 19-cv-63-wmc, Dkt. 32 (W.D. Wis. Feb. 1, 2019).[1]

Although Nora purported to be operating pro se in the *Rinaldi* case, that was a sham, and her abusive litigation conduct has continued even after the 2018 suspension of her law license in Wisconsin and after this court's previous sanction order. The court concludes that it is appropriate to lift the stay of the sanctions issued in the '617 case. Accordingly, in addition to her reciprocal two-year suspension, pursuant to the terms of the March 20, 2018 order, Nora will be suspended from practicing in the District or Bankruptcy Courts for the Western District of Wisconsin for six months following reinstatement of her Wisconsin license. She will also be fined $2,500. Failure to pay that fine may result in further sanctions.

Because Nora's misconduct is not limited to her work as an attorney but includes her efforts as a pro se litigant, the court will also bar Nora from filing her own civil cases for the next two years. The bar on her pro se filings would not apply to any petition for a writ of habeas corpus.

ORDER

IT IS ORDERED that:

1. Attorney Wendy Alison Nora is fined $2,500 and she is suspended from practice in this district until (1) the day her license to practice law in Wisconsin is restored, plus six additional months; or (2) until she successfully petitions the chief judge to modify or vacate this order.

---

[1] Nora's misconduct also continued in the Court of Appeals. The Court of Appeals for the Seventh Circuit unstayed its previously assessed monetary sanction against Nora after she filed frivolous appeals and engaged in "meritless and dilatory" motion practice. *Matter of Lisse*, 921 F.3d 629, 644–45 (7th Cir. 2019).

2. Nora is barred from filing civil lawsuits, with the exception of petitions for writs of habeas corpus, in this court for a period of two years.

Entered August 26, 2020.

                                        BY THE COURT:
                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        Chief District Judge